**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 1:07-CR-27-TS |
| | ) | |
| JUDY QUACKENBUSH | ) | |

**OPINION**

The Defendant appeared before this Court for sentencing on August 28, 2008. On August 14, 2008, the Defendant filed a Brief Regarding Sentencing Guidelines [DE 40]. On August 15, 2008, the Government filed its Sentencing Brief [DE 41].

In her Brief, the Defendant argues that the Ex Post Facto Clause of the United States Constitution (Art. I, § 9, cl. 3) requires the Court to apply the 2002 Sentencing Guidelines (which were in effect at the time of the offense), instead of the 2007 Sentencing Guidelines (which are in effect at the time of sentencing). The Defendant cites the Supreme Court's decisions in *United States v. Booker*, 543 U.S. 220 (2005), and *Miller v. Florida*, 482 U.S. 423 (1987), in urging that versions of the sentencing guidelines cannot be applied retroactively to conduct that occurred before their adoption because such retroactive application runs afoul of the Ex Post Facto Clause. The Defendant also argues that making the federal sentencing guidelines advisory does not resolve the Ex Post Facto Clause problem. In its Brief, the Government responds to the Defendant's argument, citing Seventh Circuit precedent that it claims forecloses the Defendant's Ex Post Facto Clause challenge.

The Seventh Circuit has held that the Ex Post Facto Clause is not violated when a district court sentences a defendant based upon a version of the guidelines that took effect after the defendant committed the criminal act. *United States v. Demaree*, 459 F.3d 791 (7th Cir. 2006).

In *Demaree*, the court of appeals addressed the Supreme Court's decisions in both *Miller v. Florida*, 482 U.S. 423 (1987), and *United States v. Booker*, 543 U.S. 220 (2005), and specifically considered the possible Ex Post Facto Clause implications of the Supreme Court's decision in *Booker*, in which the Supreme Court made the sentencing guidelines advisory. The Seventh Circuit stated that "the ex post facto clause should apply only to laws and regulations that bind rather than advise." *Demaree*, 459 F.3d at 795. The court's holding in *Demaree* was premised upon its understanding that all the sentencing judge "has to do is consider the guidelines and make sure that the sentence he gives is within the statutory range and consistent with the sentencing factors listed in 18 U.S.C. § 3553(a). His choice of sentence, whether inside or outside the guideline range, is discretionary . . . ." *Id.* Furthermore, the Seventh Circuit has reiterated that "district courts should apply the Guidelines in force at the time of sentencing, not the Guidelines in force at the time the crime was committed." *United States v. Anderson*, 517 F.3d 953, 960 n.1 (7th Cir. 2008) (citing *Demaree*, 459 F.3d at 795).

For these reasons, the Court has concluded that Seventh Circuit precedent is well established that district courts should apply the sentencing guidelines in effect at the time of sentencing and that the Ex Post Facto Clause is not violated when a sentencing judge applies the version of the guidelines in effect at the time of sentencing, even though that version may differ with the version in effect at the time of the offense. Thus, the Court has considered the advisory 2007 Sentencing Guidelines in determining the Defendant's sentence in this case, but the Court also emphasizes that it understands the sentencing guidelines to be the advice of the Sentencing Commission and not mandatory. Having now considered the materials submitted by the parties and the relevant constitutional and legal standards, the Court rejects the Defendant's Ex Post

2

Facto challenge to the Court's use of the 2007 Sentencing Guidelines.

SO ORDERED on August 28, 2008.

 s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT